a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CLARENCE SINGLETON #34278-034,<br>Plaintiff | CIVIL DOCKET NO. 1:22-CV-01651<br>SEC P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| ACTING WARDEN HUMPHREY,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Clarence Singleton ("Singleton"). Singleton is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Singleton challenges his conviction and sentence.

Because Singleton does not meet the requirements of the savings clause of 28 U.S.C. § 2255(e), his Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction.

I.  Background

Singleton pleaded guilty to conspiracy to use and carry firearms during and in relation to crimes of violence and drug trafficking crimes and conspiracy to commit Hobbs Act robbery under 18 U.S.C. §§ 924(o), 981(a)(1)(C), 1951(a). *United States v. Singleton*, 707 F. App'x 298 (5th Cir. 2017); *see also* 2:15-CR-00012 (E.D. La.), ECF

1

No. 639. Singleton was sentenced to concurrent terms of 240 months of imprisonment. His conviction and sentence were affirmed. *Id.*

Singleton filed a motion to vacate his conviction alleging: the factual basis supporting his guilty plea was insufficient to establish his conviction of § 924(o); the district court erred by adopting facts set forth in the presentence report (PSR); and the district court misapplied the United States Sentencing Guidelines when calculating his sentence. *Id.*

Singleton's factual basis established that, as a member of the gang the "Mid-City Killers," he engaged in home invasions, robbery of drug dealers, conspiracy to distribute controlled substances, attempted murder, and other acts of violence. *Id.*, *see also* 2:15-CR-00012 (E.D. La.), ECF No. 639. Further, Singleton and his co-conspirators "conspired to use, carry and possess firearms to rob other drug dealers for drugs and drug proceeds to further their drug trafficking activity and their other crimes of violence." *Id.* The Pre-Sentence Report ("PSR") also provided details of acts conducted within the scope of the conspiracy. *Id.* (citing *United States v. Trejo*, 610 F.3d 308, 317 (5th Cir. 2010). Thus, the Fifth Circuit found no clear or obvious error regarding whether the factual basis sufficiently supports Singleton's conviction of § 924(o). *Id.*[1]

The appellate court also found that the information set forth in the PSR and PSR Addendum was based upon the factual basis, information provided by the

---

[1] The Fifth Circuit noted that § 924(o) punishes conspiracies to commit violations of § 924(c), which punishes any person who uses or carries a firearm during and in relation to any crime of violence or drug trafficking crime. *Id.* at 299 (citing 18 U.S.C. §§ 924(c), (o)).

Government from cooperating witnesses' statements, law enforcement investigative materials, police reports, and information from court documents and other sources. It concluded that the district court properly relied on the PSR and the facts set forth therein. *See id.* (citing *United States v. Valencia*, 44 F.3d 269, 274 (5th Cir. 1995)). Finally, the court found that Singleton did not preserve for appeal his challenge to the Guidelines calculation, and there was no clear or obvious error in the record. *Id.*

Singleton filed a Motion to Vacate his conviction due to ineffective assistance of counsel, which was denied. *See* 2:15-CR-00012 (E.D. La.), ECF Nos. 632, 639. Singleton claimed that he "refused to admit to participation in the criminal activities of Gregory Denson's group [the Mid-CityKillers]," apart from his admitted involvement in the home invasion/robbery of drug dealer John Jones. Singleton also asserted that he never admitted to using firearms or being involved in a conspiracy that involved the use of firearms. *Id.* at ECF No. 632.

The district court found that, contrary to Singleton's claim, the Factual Basis that he signed clearly stated: "Singleton . . . engaged in, among other things, home invasions, robbery of drug dealers, conspiracy to distribute controlled substances, attempted murder, and other acts of violence in the city of New Orleans . . . carrying numerous firearms." *Id.* at ECF No. 639 (citing ECF No. 230 at 2).

The district court also found a sufficient nexus between the offense of conviction and the guideline enhancing conduct or offense. *Id.* In fact, the court found it was "relatively simple to draw the link between the conspiracy and its underlying guideline enhancing offenses." *Id.* at 13. The court concluded that the simple facts

3

stated in the PSR provide sufficient support for the finding that the firearm Singleton possessed when conspiring to murder two individuals was the same firearm he possessed during the actual attempt. *Id.*

In his § 2241 Petition, Singleton claims that he is "actually innocent" of his § 924(o) conviction. ECF No. 1.

## II. Law and Analysis

Generally, a federal prisoner may challenge his conviction under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2255 motion is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (per curiam)). Claims cognizable under § 2255 include allegations that a "judgment was rendered without jurisdiction, . . . that the sentence imposed was not authorized by law, . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

A § 2241 petition is generally used to challenge the manner in which a federal sentence is being executed. *See Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). However, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if the prisoner can satisfy the mandates of the

"savings clause" of § 2255(e). *See Wilson v. Roy*, 643 F.3d 433, 434 (5th Cir. 2011) (citing *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000)); *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)).

The savings clause of § 2255(e) allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving the inadequacy of § 2255. *See Jeffers*, 253 F.3d at 830.

Before a petitioner may pursue relief under § 2241 through the savings clause, the petitioner must demonstrate that: (1) the claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that the petitioner was "actually innocent" of the charges because the decision decriminalized the conduct for which the petitioner was convicted; and (3) the claim would have been foreclosed by existing circuit precedent had the petitioner raised it at trial, on direct appeal, or in the original § 2255 petition. *See Christopher*, 342 F.3d at 382 (citing *Reyes-Requena*, 243 F.3d at 904; Jeffers, 253 F.3d at 830).

Singleton alleges that *United States v. Davis*, 139 S.Ct. 2319 (2019) and *Borden v. United States*, 141 S.Ct. 1817 (2021), establish that he is actually innocent of his conviction under § 924(o). In *Davis,* the United States Supreme Court determined that the residual clause of § 924(c)(3)(B) as unconstitutionally vague. In *Borden,* the Supreme Court determined that a crime capable of commission with "a

5

less culpable mental state than purpose or knowledge," such as "recklessness," cannot qualify as a "violent felony" under § 924(e)(2)(B) of the ACCA.

Singleton asserts that all acts supporting the § 924(o) conviction fall under the residual clause of § 924(c).

Section 924(o) makes it a crime to conspire to use, carry, or possess a firearm during and in relation to or in furtherance of a drug-trafficking crime or "crime of violence," as that term is defined in § 924(c)(3). *See* 18 U.S.C. § 924(o). Singleton was not convicted under § 924(c). However, as another district court in the Fifth Circuit has pointed out, because § 924(o) incorporates § 924(c) by reference, it could potentially implicate § 924(c)(3)(B)'s residual clause and *Davis*. *See United States v. Golston*, 12-CR-51, 2020 WL 3100458, at *2 (E.D. La. June 11, 2020) (citing In re *Cannon*, 931 F.3d 1236, 1243 (11th Cir. 2019)).

However, as set forth in the factual basis and the plea agreement, Singleton's § 924(o) conviction was predicated upon crimes of violence that satisfy the elements clause. Singleton admitted that, as a member of the Mid-City Killers, he "engaged in, among other things, home invasions, robbery of drug dealers, conspiracy to distribute controlled substances, attempted murder, and other acts of violence in the city of New Orleans." *See* 2:15-CR-00012 (E.D. La.), ECF No. 230 at 2. He also admitted that he conspired to use, carry, and possess firearms to rob other drug dealers for drugs and drug proceeds. *Id.* Because Singleton admitted to actions that satisfy the elements clause, *Davis* has no impact on Singleton's conviction or sentence. *See Golston*, 2020 WL 3100458 ("Davis has no application where the

predicate 'crime of violence' is based on the elements clause"); *United States v. Williams*, 12-CR-51, 2020 WL 3104816, at *1 (E.D. La. June 11, 2020) (same).

The Fifth Circuit has not addressed whether *Borden* applies retroactively on collateral review, but some other Circuits have suggested that it does. *See United States v. Toki*, 23 F.4th 1277, 1280 (10th Cir. 2022); In re *Albertie*, 2021 U.S. App. LEXIS 26162, at *7 (11th Cir. Aug. 30, 2021) ("*Borden* announced a new rule of substantive law that is retroactively applicable under *Teague* (and the Suspension Clause) to cases on collateral review."). Regardless, there is no authority for finding that *Borden* has any implication on 924(o). *Borden* does not establish that Singleton is "actually innocent" of the crime for which he was convicted.

Because *Borden* and *Davis* do not establish that Singleton is "actually innocent" of the offenses for which his was convicted, he cannot meet the requirements of the savings clause.

### III. Conclusion

Because Singleton cannot meet the requirements of the savings clause, IT IS RECOMMENDED that the § 2241 Petition (ECF No. 1) be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Singleton's claim.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, August 30, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE